UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-21012-CIV-MORENO

FELIX CALDERON,

        Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

        Defendant.

_____/

## ORDER GRANTING MOTION TO COMPEL APPRAISAL

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Complaint and to Compel Appraisal and Abate All Proceedings Pending Completion of Appraisal **(D.E. 3)**, filed on **March 19, 2019**.

THE COURT has considered the motion, the response, the reply, the pertinent portions of the record, and is otherwise fully advised in the premises.

## DISCUSSION

Under Florida law, "appraisal provisions contained within insurance policies are generally treated the same as arbitration provisions." *Wright Way Emergency Water Removal, LLC v. Mt. Hawley Ins. Co.*, No. 8:16-cv-1163-T-17MAP, 2016 WL 9526569, at *2 (M.D. Fla. July 29, 2016) (collecting cases). Consequently, "motions to compel appraisal should be granted whenever the parties have agreed to the provision." *Id.* (citing *Preferred Mut. Ins. Co. v. Martinez*, 643 So. 2d 1101, 1103 (Fla. 3d DCA 1994)). Enforcing appraisal provisions are "preferred over lawsuits 'as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits.'" *Id.* (quoting *First Protective Ins. Co. v. Hess*, 81 So. 3d 482, 485 (Fla. 1st DCA 2011)).

Here, Section G of the Conditions section of the applicable policy between the Parties contains the following appraisal provision:

**G. Appraisal**

> *If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss.* In this event, each party *will* choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers *will* choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers *will* separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon *will* be the amount of loss. If they fail to agree, they *will* submit their differences to the umpire. A decision agreed to by any two *will* set the amount of loss.
>
> Each party *will*:
>
> **1.** Pay its own appraiser; and
>
> **2.** Bear the other expenses of the appraisal and umpire equally.

(D.E. 3-1 (emphases added).) In a letter dated March 11, 2019, the Defendant notified Plaintiff's counsel that the Defendant was "invok[ing] the appraisal provision of [the Plaintiff's] policy." (D.E. 3-3 at 1.) Eight days later, the Defendant moved the Court to compel appraisal and to abate this action pending completion of appraisal. (*See* D.E. 3 at 6–7.)

Plaintiff opposes the Defendant's request for appraisal, arguing the Defendant waived its right to appraisal by failing to invoke the provision at any point between July 2018—when the Defendant first received "actual knowledge" of a "significant disagreement between the parties as to the amount of loss"[1]—and March 2019, when the Defendant finally invoked the provision.

---

[1] Plaintiff specifically alleges the Defendant had "actual knowledge" of a disagreement over the total amount of loss after the Plaintiff's public adjuster submitted to the Defendant on July 2, 2018 an estimated total amount of loss that differed substantially from the total amount of loss unilaterally determined by the Defendant. (*See* D.E. 7 at 2.)

2

(D.E. 7 at 2–4.)

### A. **WAIVER**

Under Florida law, "[a] waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." *Fla. Ins. Guar. v. Maroulis*, 153 So. 3d 298, 300 (Fla. 5th DCA 2014) (citing *Fla. Ins. Guar. Ass'n v. Branco*, 148 So. 3d 488, 493 (Fla. 5th DCA 2014)). Here, the Plaintiff commenced this lawsuit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida in January 2019. (D.E. 1 at 1.) The Defendant was served with the summons and complaint in February 2019. *Id.* Then, in a March 11, 2019 letter to Plaintiff's counsel, the Defendant invoked the appraisal provision in the applicable policy. (*See* D.E. 3-3.) Four days later, the Defendant filed a Notice of Removal to this Court. (D.E. 1.) From this procedural history, the Court cannot conclude that the Defendant has "actively participated" in this lawsuit to the extent of waiving its right to appraisal.

Furthermore, while the Plaintiff argues the Defendant had "actual knowledge" in July 2018 of a "significant disagreement between the parties as to the amount of loss" (*see* D.E. 7 at 3), the Court disagrees with Plaintiff that the Defendant engaged in conduct that was inconsistent with the Defendant's contractual right to appraisal. Even though the Plaintiff filed his claim with the Defendant in June 2018 (*see* D.E. 7-1), the Defendant asserted (as recently as January 4, 2019) that it was "in the process of reviewing the estimate [the Plaintiff] submitted" in its December 21, 2018 email (*see* D.E. 7-3, 7-4). Consequently, the Court finds that the Defendant has not acted inconsistent with its contractual right to appraisal.

Finally, the appraisal provision of the applicable policy between the parties requires that if the parties "fail to agree on the amount of loss" and either party demands appraisal: "each party *will* choose a competent and impartial appraiser"; "[t]he two appraisers *will* choose an umpire";

3

"[t]he appraisers *will* separately set the amount of loss"; "[i]f the appraisers submit a written report of an agreement to [the parties], the amount agreed upon *will* be the amount of loss"; and "[i]f they fail to agree, they *will* submit their differences to the umpire" and "[a] decision agreed to by any two *will* set the amount of loss." (*See* D.E. 3-1 (emphases added).) Plaintiff's opposition memoranda does not challenge this understanding of the appraisal provision. Therefore, because the Defendant invoked its contractual right to appraisal in a written letter to Plaintiff, the Defendant's Motion to Compel Appraisal and Abate All Proceedings Pending Completion of Appraisal is granted.

### B. ATTORNEYS' FEES

Lastly, the Court declines Plaintiff's invitation to determine at this stage that the Plaintiff is "entitled to reasonable attorneys fees" "if the court orders the parties to submit to appraisal." (D.E. 7 at 5.) In support of this request—lodged in its opposition memoranda—the Plaintiff cites and explains the Fourth District Court of Appeal's ruling in *Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079 (Fla. 4th DCA 2009). But there, the court made clear that the *prevailing* party moved for attorneys' fees *after* appraisal concluded. *Id.* at 1081 ("After the appraisal process was concluded, the [plaintiffs] filed a motion seeking the award of section 627.428 prevailing party attorney's fees."). Indeed, the text of the attorneys' fees statutes cited by the Plaintiff, make clear that an insured person can recover attorneys' fees "[u]pon the rendition of a judgment . . . against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy . . . ." *See* Fla. Stat. Ann. § 627.428(1); *see also* Fla. Stat. Ann. § 626.9373(1). Here, there is no judgment—and without a judgment, the Court cannot award any attorneys' fees. Therefore, Plaintiff's request is denied.

4

## CONCLUSION

For all these reasons, it is

**ADJUDGED** that the Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The Motion to Compel Appraisal and Abate All Proceedings Pending Completion of Appraisal is **GRANTED**;

(2) The Clerk of Court shall mark this cause closed for statistical purposes and place the matter in a civil suspense file. The Court will retain jurisdiction and the case will be restored to the active docket upon motion of a party if circumstances change so that this action may proceed to final disposition. This Order will not prejudice the rights of the parties to this litigation;

(3) Plaintiff SHALL notify the Court of the current status of the appraisal process every thirty (30) days after entry of this Order; and

(4) The Motion to Dismiss is **DENIED AS MOOT** with leave to refile pending completion of appraisal, should this action need to proceed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7 of October 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Records